UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CLYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1727 CDP |
| | ) |
| INSULITE GLASS COMPANY, et al., | ) |
| | ) |
| Defendants, | ) |

# MEMORANDUM AND ORDER

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (ADA). Plaintiff alleges that he was wrongfully terminated after complaining that he had been mistreated by his supervisor, Tim Shoetanbergh. Plaintiff says that he complained to Shannon Unknown, the office manager, about the mistreatment but that she refused to intervene. Plaintiff sues Insulite Glass Co., Tim Shoetanbergh, and Shannon Unknown for money damages and injunctive relief.

Plaintiff seeks leave to bring this action in forma pauperis. Plaintiff's financial information indicates that he cannot afford to pay the filing fee, so leave will be granted. Under 28 U.S.C. § 1915(e), the Court is required to review the complaint and dismiss any portion of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Neither Title VII nor the ADA allow for individual liability against supervisors. See Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (Title VII); Walsh v. Nevada Dept. of Human Resources, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (ADA; collecting cases); see also Alsbrook v. City of Maumelle, 184 F.3d 999,

1005 n. 8 (8th Cir. 1999). As a result, the Court will dismiss defendants Tim Shoetanbergh and Shannon Unknown under § 1915(e) for failure to state a claim.

Plaintiff also moves for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. After careful consideration, the Court finds that appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and plaintiff has demonstrated an ability to prosecute it on his own.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Tim Shoetanbergh and Shannon Unknown are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendant Insulite Glass Company.

An Order of Partial Dismissal will be filed separately.

Dated this 14th day of October, 2014.

                                                /s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE