UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CLYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV1727 CDP |
| | ) |
| INSULITE GLASS COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter comes before me on motions to compel and for sanctions filed by defendant Insulite Glass Company against plaintiff Christopher Clyburn. Mr. Clyburn is representing himself *pro se* and *in forma pauperis*.

At the Rule 16 scheduling conference, I warned Mr. Clyburn that he would be required to follow both the Federal Rules of Civil Procedure as well as the Local Rules of this Court. I specifically warned that the failure to respond to motions might result in unfavorable rulings.

Insulite's motion to compel production of the initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure was filed on April 6, 2015. The next day, I issued an Order stating that Mr. Clyburn's response would be due by April 15, 2015. *See* ECF No. 24. That Order specifically warned that "failure to

file a written response . . . or failure to cooperate in discovery could result in the imposition of sanctions, including, but not limited to, dismissal of his case with prejudice." *Id.* That deadline has passed without response from Mr. Clyburn.

Insulite has now filed motion for sanctions, seeking dismissal of the case with prejudice and attorney's fees and costs attributed with the filing of the motion. Mr. Clyburn has not responded to the motion for sanctions, and his time to do so has expired.

A dismissal under these circumstances is "an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This is such a case. Rule 37 specifically authorizes the sanction of dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v). It also provides that the court "must" order the party and/or the attorney to pay the reasonable expenses, including attorneys' fees, of the moving party, unless circumstances make an award of expenses unjust. Rule 37(b)(2)(C).

Because Mr. Clyburn has not complied with this Court's Order and has failed to participate in discovery, I will grant the motion for sanctions and dismiss the case. However, because I find that the circumstances would make an award of expenses unjust, I will not award expenses.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Insulite Glass Company's motion for sanctions [# 25] is granted.

**IT IS FURTHER ORDERED** that defendant Insulite Glass Company's motion to compel [# 23] is denied as moot.

**IT IS FINALLY ORDERED** that this case will be dismissed with prejudice in a separate Order of Dismissal issued this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2015.